**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| **VERIFIED HIRING, LLC,**<br><br>                              **Plaintiff,**<br>     **v.**<br><br>**JUSTIFACTS CREDENTIAL VERIFICATION, INC.,**<br>                              **Defendant.** | Case No. _____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

This is an action for patent infringement in which Verified Hiring, LLC ("Verified Hiring" or "Plaintiff") makes the following allegations against Justifacts Credential Verification, Inc. ("Justifacts" or "Defendant").

### NATURE OF THE ACTION

1. This is a patent infringement action to stop Defendant's infringement of United States Patent No. 6,658,400 ("the '400 Patent") ("the Patent-in-Suit").

### PARTIES

2. Plaintiff Verified Hiring, LLC is a Texas limited liability company with its principal place of business at 719 West Front Street, Suite 211 Tyler, Texas 75702.

3. On information and belief, Justifacts is a corporation, with its principal place of business at 5250 Logan Ferry Rd., Murrysville, PA 15668. On information and belief, Justifacts may be served via its registered agent at 5250 Logan Ferry Rd., Murrysville, PA 15668.

### JURISDICTION AND VENUE

4. The Court has personal jurisdiction over Defendant, including because Defendant has minimum contacts within the State of Texas; Defendant has purposely availed itself of the

privileges of conducting business in the State of Texas; Defendant regularly conducts business within the State of Texas; and Verified Hiring's cause of action arises directly from Defendant's business contacts and other activities in the State of Texas.

5. More specifically, Defendant, directly and/or through its intermediaries, makes, distributes, imports, offers for sale, sells, advertises and/or uses, including the accused products identified herein that practice the claimed systems of the Patent-in-Suit in the State of Texas. Defendant has committed patent infringement in the State of Texas and solicits customers in the State of Texas. Defendant has paying customers who are residents of the State of Texas and who purchase and/or use Defendant's infringing products in the State of Texas. Further, Defendant has an interactive website that is accessible from the State of Texas.

6. Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b). On information and belief, Defendant has transacted business in this district, and has committed acts of patent infringement in this district.

7. More specifically, Defendant, directly and/or through its intermediaries, makes, distributes, imports, offers for sale, sells, advertises and/or uses, systems including the Accused Systems identified herein, that practice the claimed systems of the Patent-in-Suit in the State of Texas. Defendant has committed patent infringement in the State of Texas and solicits customers in the State of Texas. Defendant has paying customers who are residents of the State of Texas and who purchase and/or use Defendant's infringing products in the State of Texas.

**COUNT I**
**INFRINGEMENT OF U.S. PATENT NO. 6,658,400**

8. Plaintiff is the owner by assignment of the '400 Patent entitled "Data Certification and Verification System Having a Multiple-User-Controlled Data Interface" – including all

rights to recover for past and future acts of infringement. The '400 Patent issued on December 2, 2003. A true and correct copy of the '400 Patent is attached as Exhibit A.

9. On information and belief, Defendant has been and now is directly infringing the '400 Patent in this judicial district and elsewhere in the United States. Infringement by Defendant includes, without limitation, making, distributing, importing, offering for sale, selling, advertising, and/or using, without limitation a verification system which includes a data attribute management system that enables parties to submit, exchange, and store data in a controlled manner, infringing at least claim 1 of the '400 Patent. Defendant's Accused Systems are designed to enable its customers, particularly employers, to comply with the wide range of State and Federal Regulations that govern the recruiting and hiring process for new employees including I-9, E-Verify and other background checks, again infringing at least claim 1 of the '400 Patent. *See* http://www.justifacts.com/services/.

10. Plaintiff is informed and believes that Defendant infringes by and through at least its manufacture, distribution, offer to sell, sale, and/or use of the products comprising at least the following products: talent management systems/services including its Screening Services that facilitate compliance with Form I-9 and E-Verify administration and other background checks ("Accused Systems"). *See* http://www.justifacts.com/services and http://www.justifacts.com/services/i-9-verifcation-e-verify-for-employers/. The infringement contentions that will be prepared and served pursuant to Local Rules 3-1 and 3-2 are incorporated into the Complaint by reference. Further, a detailed claim chart showing infringement by the Accused Systems will be made available immediately upon request.

11. Defendant is thus liable for infringement of the '400 Patent under 35 U.S.C. §271.

12.     As a whole, Claim 1 of the '400 Patent relates to a computer-implemented system for managing access to, and the controlled exchange of data within a multi-party data attribute management system, and for meeting a marketplace need for transforming data in a specifically defined manner, by having a data originator submit data having an attribute in "an unverified source state," and then submitting that data to an attribute verifier that determines the truth or falsity of the data attribute, thereby changing and transforming the data into "a verified use state." The '400 Patent, including Claim 1, solves a specific problem faced by employers during the process of hiring a new employee. Unlike the patents from *Alice* or *Bilski,* the claims of the '400 Patent do not cover a "fundamental economic practice" or a "building block of the modern economy." Instead, the '400 Patent defines a specially tailored system for meeting the privacy and security regulations that govern sensitive employment data, while efficiently enabling data that is collected from a job applicant to be transformed from an unverified source state to a verified use state, thereby making the data more useful to the employer.

13.     A comparison of the '400 Patent to the prior art patents considered by the USPTO during the prosecution of the '400 Patent, demonstrates that Claim 1 of the '400 Patent defines significantly more than a conventional system for verifying data. Indeed, as explained in the Background of the '400 Patent, a wide variety of systems and methods existed for addressing the challenges involved with verifying the suitability/eligibility of a job applicant for a specific position. A person of ordinary skill in the art as of the December 4, 1999 priority date, would recognize that the system covered by Claim 1 provides one narrow manner for solving the unique problem of restricting and controlling the exchange of employment related attribute data, and accurately and reliably transforming the attribute data from an unverified state to a verified state.

14. Just as the prior art recognized several ways of addressing the issue of verifying job applicant data, the marketplace today continues to provide several systems and methods for addressing the issue, which do not infringe the '400 Patent. For example, employers often separate the process of collecting data from a job applicant from the process of verifying the data, and rely on multiple different systems for completing those processes and sufficiently control the authenticity and privacy of such data. The '400 Patent defines one narrow and specific system for integrating the entire process into a single system. There is no requirement for employers to use a system covered by the '400 Patent and, in fact, it is believed that most employers do not.

15. Each of Defendant's aforesaid activities has been without authority and/or license from Verified Hiring.

16. Verified Hiring is entitled to recover from Defendant the damages sustained by Verified Hiring as a result of Defendant's wrongful acts in an amount subject to proof at trial, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this court under 35 U.S.C. § 284.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment:

1. In favor of Plaintiff that Defendant has infringed the '400 Patent;

2. Requiring Defendant to pay Plaintiff its damages, costs, expenses, and prejudgment and post-judgment interest for Defendant's infringement of the '400 Patent as provided under 35 U.S.C. § 284; and

3. Granting Plaintiff any and all other relief to which Plaintiff may show itself to be entitled.

**DEMAND FOR JURY TRIAL**

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated:  April 14, 2016                 Respectfully submitted,

*/s/ Todd Y. Brandt*
Todd Y. Brandt
State Bar No. 24027051
BRANDT LAW FIRM
222 N. Fredonia Street
Longview, Texas 75606
Telephone:  (903) 212-3130
Facsimile:  (903) 753-6761
tbrandt@thebrandtlawfirm.com

***Attorneys for Verified Hiring, LLC***